UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-128 (ADM/TNL)

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

CASANOVA CARTER (1);
DERRICK DAYS (2);
ANTHONY PROTHO (3);

      Defendants.

**CONSOLIDATED RESPONSE OF THE UNITED STATES TO DEFENDANTS' PRETRIAL MOTIONS**

The United States responds to the pretrial motions filed by the defendants as follows:

1.     <u>Motions for Discovery and Inspection</u>.  The United States has no objection to these motions to the extent they request discovery of information covered by Rule 16 of the Federal Rules of Criminal Procedure.

2.     <u>Motions for Jencks Act Material</u>.  The United States agrees to provide any <u>Jencks</u> Act material no later than five days prior to trial, to the extent it has not already been disclosed.

3.     <u>Motions for Expert Discovery</u>.  The United States agrees to provide any discovery regarding experts it intends to call at trial not later than one week prior to trial to the extent it has not already been disclosed.

4.     <u>Motions for Brady and Giglio Information</u>.  The United States agrees to provide any exculpatory or impeaching information as it comes to light, to the extent

required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and related cases.

5.      <u>Motions for Rule 404(b) Evidence</u>.  The United States agrees to provide notice of any Rule 404(b) evidence it intends to use at trial not later than one week prior to trial, to the extent it has not already been disclosed.

6.      <u>Motions to Disclose Identity of Informants</u>.  The United States opposes this motion, except to the extent any informant will be a witness at trial.  In that event, the government agrees to provide the informant's statements and any impeaching information not later than one week prior to trial.

7.      <u>Motions to Retain Rough Notes</u>.  The United States has no objection to this motion, to the extent the notes still exist.

8.      <u>Defendant Days' Motions to Suppress Evidence</u>

A.      <u>Search Warrant for Blue Chevrolet Volt</u>.  Days has moved to suppress the results of the search of a blue Chevrolet Volt pursuant to a state search warrant.  Days was a passenger in this vehicle when it was stopped by police after the defendants assaulted and robbed an ATF informant at gun point as the informant was trying to make a controlled purchase of firearms from the defendants.  The defendants threw the guns out of the vehicle as the police were stopping them, but the guns were recovered.  Additional evidence was found during the later search of the vehicle pursuant to the search warrant.

Days does not have standing to challenge the search of the Chevrolet Volt as he had no reasonable expectation of privacy in the contents of the vehicle.  The car was owned by

a third party.  Days was merely a passenger in the vehicle.  The law is clear that a passenger in someone else's vehicle does not have standing to challenge a search of the vehicle.  E.g., United States v. Barragan, 379 F.3d 524, 529-30 (8th Cir. 2004); United States v. Crippen, 627 F.3d 1056, 1063 (8th Cir. 2010).

Even if Days had standing, there is no basis for suppressing the challenged evidence.  The state search warrant, to be submitted at the time of the motions hearing, established ample probable cause for the search.  Even if it did not, the executing officers relied in good faith on the existence of a facially valid search warrant, which would preclude suppression even if probable cause were lacking.  United States v. Leon, 468 U.S. 897 (1984).

B.    Motion to Suppress Post-Arrest Statement.  Days also seeks to suppress his post-arrest statement.  His motion offers no specifics in support of this request.  If an evidentiary hearing is granted despite the lack of any threshold showing, the government will prove that Days was lawfully in custody, was properly advised of his Miranda rights, waived those rights, and voluntarily agreed to talk to law enforcement.  There is no basis for suppressing his statement.

9.  Defendant Protho's Motions to Suppress Evidence

A.    Search Warrant for Blue Chevrolet Volt.  Protho also was a passenger in the blue Chevrolet Volt.  He was not the owner of the vehicle.  He lacks standing to challenge the search of the vehicle for the same reasons defendant Days lacks standing.  In

the event the Court reaches the merits, the motion should be denied for the same reasons set forth above with respect to defendant Days.

B.    Snapchat Search Warrants.  Days also seeks to suppress the results of two search warrants for Snapchat data. The one issued on March 29, 2016 was for the username "dstoner 32," which is defendant Derrick Days, a/k/a "D Stone."  The other was for the usernames "kingstompabk5" (Casanova Carter) and "dstoner32" (Derrick Days).

These motions should be denied because defendant Protho has established no reasonable expectation of privacy in the Snapchat accounts of co-defendants Casanova Carter and Derrick Days and hence has no standing to challenge the search of those accounts.  Should the Court reach the merits, both search warrants established ample probable cause for the searches.  Even if they did not, the Leon good faith exception would preclude suppression in any event.

Dated: June 14, 2016

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/Jeffrey S. Paulsen*

BY:  JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID No. 144332

4