UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-128(1) (ADM/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S SENTENCING** |
| | ) | **POSITION** |
| vs. | ) | |
| | ) | |
| CASANOVA CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

"I guess this is a blessing. This makes me look at my life. I look at the people I'm hurting, my family, friends, I don't' like how I was living my life." Twenty-one year old Casanova Carter accepts responsibility for having a firearm and showing it off on social media. As he sits at the Sherburne County Jail and listens to inmates talk about "ACCA," Casanova understands the consequences of his actions. This change is just beginning by accepting the consequences of his actions in order to learn from his behavior.

The defendant, Casanova Carter, hereby submits his position with respect to sentencing. Mr. Carter only objects to one factual finding in the PSR: the arrangement for the sale of the firearm and setting the sale price of the firearm. He does not object to the advisory guideline calculation. The PSR places Mr. Carter in criminal history category III at a total offense level of 17. The advisory guideline range is 30 to 37 months. Mr. Carter respectfully requests a sentencing term of 30 months and a supervised release of three years.

**OBJECTION TO THE PSR**

Mr. Carter denies that he arranged for the sale of the firearm with the buyer. He denies setting a price of $250 for the purchase of the firearm as well. Mr. Carter was not the one who used his phone to arrange the sale or set the price of the firearm. In the addendum of the PSR, Protho claimed he "used Carter's telephone, which he obtained from his person, to make the call." (PSR, Addendum A.2). Protho was already in possession of Mr. Carter's phone prior to arriving at the prearranged sale location. Further evidence that he was not involved in the sale is the fact that when the "deal" occurred, Mr. Carter was passed out in the back seat of the car. As noted in the PSR, this factual dispute does not impact the advisory guideline range.

**SENTENCING ANALYSIS**

Casanova Carter has had very little stability in his short life. Since age 12 he has had run-ins with the law. He began abusing chemicals at age 13. By the time he was 17 years old, he picked up his first and only felony. He's been on his "own" since age 8.

Mr. Carter grew up on the west side of St. Paul. The head of the family was his mother, Cindy. He has never met his biological father. The family lived in various apartments and small homes. The family included Mr. Carter and his four siblings. Sometimes, his mother's boyfriends lived with the family as well. Mr. Carter is the youngest of his siblings. His mother took in other kids. The other kids were usually her children's friends. There wasn't always enough food on the table and hand me down clothing was the norm. Mr. Carter continues to admire his mother beyond belief because she never turned anyone away from her door. Mr. Carter's codefendant, Derrick Days

began living with the family on and off since he was 10 or 11 years old. The two boys would find a place in the home to sleep. Mr. Carter's older siblings were getting in trouble and were not always around to help with the finances. Mr. Carter took it upon himself to fend for himself and his mother and sister. He turned to the streets. Food, shelter, and clothing were provided. Gangs are violent, there is no questions about that fact. Gangs offer children the basics that are sometimes not offered at home. Right or wrong, Mr. Carter turned to the streets.

At age 17, he was adjudicated guilty and placed in EJJ for a burglary. Mr. Carter and some of his friends, including his then girlfriend, took items from his girlfriend's father's home without permission. Mr. Carter did not do well on probation. He continued hanging out with the boys he was raised with and violated probation at least twice for hanging out with gang members. During his probation period, he was sent away to a juvenile facility in Iowa. The conviction for the burglary third degree is the only felony conviction aside from this current case. At age 19 and 20 he admitted to giving a false name and possessing marijuana.

While incarcerated, he obtained his GED. Prior to obtaining his GED, he was not doing well in school. He barely attended school and when he did, he just could not get along with others. He is the first to admit he is in need of anger management treatment. It is difficult for him to admit that he has not had the best upbringing and perhaps holds quite a bit of resentment. He received some therapy when he was 16 years old and again at age 18.

He watched his brothers go in and out of jail. He watched his brother struggle after he was shot. He has grieved the death of close friends. For a twenty-one-year-old, Casanova has been through quite a bit. As Mr. Carter stated in the bond report and again during the PSR interview, he is addicted to drugs. He began drinking at age 13, and before he was 16 years old he was drinking to the point of intoxication. His addiction that has taken over much of his teen years has been Xanax. He uses the drug to completely pass out. In this case, when the gun sale was happening, Mr. Carter was passed out on Xanax in the back seat. Officers recovered Xanax from Mr. Carter at the time of his arrest. Mr. Carter estimates that he was taking about 8 pills a day prior to entering the Sherburne County Jail.

When Mr. Carter is released from prison his focus will be on himself. He has had much negative influences around him, but he's made the choices to stay around those folks. He wants to further his education. He wants to control his addiction.

In prison he wants to focus on programming such as anger management, drug treatment and learning a job skill. Since being at the Sherburne County Jail, he has not received any programming. He spends his days reading fiction and nonfiction and working on his fitness. His family visits when they have money and time to make the trip to Elk River.

**CONCLUSION**

Given Mr. Carter's background and the facts surrounding this case, Mr. Carter respectfully requests a sentence of no more than 30-months followed by three years of supervision.

Dated: November 21, 2016                    Respectfully submitted,

*s/ Manny K. Atwal*

MANNY K. ATWAL
Attorney ID No. 282029
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415